UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

REGINALD E. SWEET,

Petitioner,

v.

Warden FENEIS,

Respondent.

Civil File No. 00-2460 (JRT/SRN)

**REPORT AND RECOMMENDATION**

Reginald E. Sweet, Minnesota Correctional Facility, Lino Lakes, Minnesota, 55014, Petitioner, pro se.

David C. Brown, Assistant Hennepin County Attorney, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN, 55487, for Respondent.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Reginald E. Sweet for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer contending that Petitioner's habeas corpus claims should not be entertained in federal court, because they were procedurally defaulted in the state courts, and because Petitioner's claims are without merit in any event. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

For the reasons discussed below, the Court concludes that Petitioner's habeas corpus claims cannot be entertained in federal court because they have been procedurally defaulted. It will therefore be recommended that the instant petition be dismissed with prejudice.

FILED MAR 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

On May 26, 1998, a Hennepin County jury found Petitioner guilty on two counts of criminal sexual conduct. The evidence introduced at Petitioner's trial showed that he encountered the female victim on the evening of November 27, 1997, and he invited her to his apartment. The victim apparently had known Petitioner for a number of years and had no reservations about accepting his invitation. After Petitioner and the victim arrived at Petitioner's apartment, they shared some wine and crack cocaine. Then, according to the victim, Petitioner suddenly started demanding sexual favors from her. When she refused, Petitioner hit her, knocked her unconscious, stripped her clothes off her, and subjected her to a series of violent sexual assaults. The victim eventually escaped and ran, still naked, to a neighboring apartment. The police were called, and Petitioner was arrested and charged with two counts of criminal sexual conduct. After being found guilty on both counts, Petitioner was sentenced to 98 months in state prison.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that the trial court had erroneously admitted certain evidence pertaining to a prior incident of alleged sexual misconduct. Petitioner argued that the evidence in question, (so-called Sprcigl evidence[1]), should have been declared inadmissible under the Minnesota Rules of Evidence. The Court of Appeals rejected Petitioner's argument and affirmed his conviction. State v. Sweet, No. C7-98-1696 (Minn.App. 1999), 1999 WL 343822 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's subsequent

---

[1] See State v. Spreigl, 272 Minn. 488, 139 N.W.2d 167 (1965).

petition for further review.[2]

Several months after his direct appeal was completed, Petitioner filed a motion with the trial court seeking post-conviction relief. There he contended that (1) he had received ineffective assistance of counsel before and during his trial, (2) there was a "possibility of jury misconduct," and (3) the trial court had misapplied state sentencing guidelines. (See Petitioner's submission of documents from state post-conviction proceedings; Docket No. 11.) The trial court found that all of Petitioner's post-conviction claims could have been, and should have been, raised on direct appeal. Because Petitioner had not followed the state procedural rule which requires that all available claims be raised on direct appeal, the trial court summarily denied Petitioner's post-conviction motion without reaching the merits of any of his claims.[3] Petitioner did not seek appellate review of the trial court's ruling on

---

[2] Respondent has represented to the Court that "Petitioner did not request review [on direct appeal] by the Minnesota Supreme Court." ("State's Answer To Petition For Writ Of Habeas Corpus," [Docket No. 5], p. 3, [emphasis added].) It appears, however, that this statement is simply not correct. Petitioner claims that he did seek review in the Minnesota Supreme Court on direct appeal, and he has supported his claim by submitting a copy of the Supreme Court's Order denying his petition for further review. That Order is dated August 17, 1999, and appears to be signed by the Chief Justice of the Minnesota Supreme Court, Kathleen A. Blatz. (See Petitioner's correspondence to the Court dated December 12, 2000, [Docket No. 9], p. 1 and attachment.) While Respondent's apparent misstatement regarding the petition for review is confusing, it is inconsequential in this case.

[3] The trial court explained its ruling as follows:

> "Petitioner does not now allege a single fact or issue that was not known to him at the time of his direct appeal. A motion for post-conviction relief is not a second bite at the apple. It is a limited remedy designed only to address issues that were unknown at the time of the direct appeal. Petitioner herein raises no such new issues. The motion for post-conviction relief must be denied." **(Continued....)**

Order dated September 28, 2000, (included in Respondent's Return; [Docket No. 6]).

his post-conviction motion.

On November 6, 2000, Petitioner filed his present application for federal habeas corpus relief. His petition includes two claims of ineffective assistance of counsel, which appear to be substantially similar -- though not identical -- to claims raised in his state post-conviction motion. (Petition, pp. (5)-(6), § 12, Grounds One and Two.) He also claims, apparently for the first time, that the trial court erroneously precluded him from presenting certain exculpatory evidence and/or arguments to the jury. (Id., Ground Three.)

Respondent contends that all of Petitioner's current claims for relief have been procedurally defaulted, and that his petition should therefore be summarily dismissed without addressing any of his claims on the merits. Respondent further contends, in the alternative, that the petition should be dismissed on the merits, because Petitioner's claims are substantively insufficient. For the reasons discussed below, the Court accepts Respondent's initial contention, and will therefore recommend that all of Petitioner's current habeas claims be summarily dismissed on the grounds of procedural default.

## II. DISCUSSION

### A. Applicable Legal Principles

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan

v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. State prisoners who have the right to seek discretionary review in the state's supreme court must exercise that right, and seek such review, in order to satisfy the exhaustion of state remedies requirement. Id. at 847. This rule applies to claims raised in collateral proceedings, (such as a post-conviction motion), as well as to claims raised on direct appeal. White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999) (per curiam), cert. denied, 120 S.Ct. 1004 (2000).

When a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). A procedural default can also occur if a state court has expressly declined to address a particular claim on the merits because the claim has not been raised in accordance with applicable state procedural rules. "Ordinarily, a federal court reviewing

a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state courts in accordance with state procedural rules." Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992). See also McCall, 114 F.3d at 757 ("a federal court may usually only consider 'those claims which the petitioner has presented to the state courts in accordance with state procedural rules'"), quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996). "A federal claim has not been fairly presented to the state courts," and is therefore procedurally defaulted, "when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural rule." Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the

crime for which he was convicted.[4]

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Coleman, 501 U.S. at 750.

B. Petitioner's Procedural Default

In this case, all of Petitioner's current habeas corpus claims have been procedurally defaulted, for two distinct reasons. First, the trial court refused to consider his claims on the merits (in the post conviction motion) because they had not been raised in the proper

---

4 "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

procedural manner – i.e., on direct appeal. Second, Petitioner has not presented any of his current claims to any Minnesota appellate court, and it is now too late to do so. Furthermore, Petitioner's procedural default cannot be excused, because he has not satisfied the cause and prejudice requirement, nor has he presented any new evidence demonstrating his actual innocence.

The Court initially finds that Petitioner's current habeas claims are procedurally barred because they were not presented to the state courts in a procedurally proper manner. The trial court refused to consider Petitioner's post-conviction claims on the merits, because Petitioner had not complied with the state procedural rule that requires criminal defendants to raise all known or knowable claims on direct appeal. See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Petitioner's failure to raise all of his available claims on direct appeal, as required by state procedural rules, constitutes a procedural default.

Petitioner committed a second default by not appealing the trial court's denial of his post-conviction motion. Petitioner could have sought appellate review of at least some of his current claims, (i.e., those raised in his post-conviction motion[5] ), by appealing the trial

[5] The claim listed at "Ground Three" of the instant petition, (in which Petitioner challenges the trial court's exclusion of certain allegedly exculpatory evidence), was not raised even in the post-conviction motion itself. Therefore, Petitioner could not have raised that particular claim in a post-conviction appeal. (Needless to say, Ground Three of the current petition is clearly defaulted here, because it has never been presented to any state court.)

court's denial of the post-conviction motion. Although such an appeal is expressly authorized by Minn.Stat. § 590.06, Petitioner did not take advantage of that opportunity. By not appealing, he deprived the Minnesota appellate courts of any opportunity to consider any of his current claims for relief.[6] He therefore failed to exhaust his available state court remedies with regard to any of those claims.

It is now too late for Petitioner to return to the state courts and attempt to appeal the trial court's ruling on his post-conviction motion. He was required to file an appeal in the state post-conviction proceedings within 60 days after the entry of the order denying his motion. Minn.Stat. § 590.06. Because that 60-day period has now expired, and no appeal was taken, Petitioner is procedurally barred from seeking further state court review of his post-conviction claims. For this additional reason, the Court further finds that all of Petitioner's current claims for relief have been procedurally defaulted.

C. Cause and Prejudice/Actual Innocence

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. Petitioner attempts to satisfy the cause and prejudice requirement by arguing that his attorney failed to raise his

---

[6] The only claim that Petitioner presented to the State Court of Appeals and the State Supreme Court is his Spreigl claim, and that claim is not presented here. Petitioner's failure to raise his Spreigl claim in his current petition, whether done deliberately or inadvertently, was apropos. Because his Spreigl claim was based solely on state law principles, rather than the federal Constitution, it could not have been properly raised in a federal habeas petition. See Wood v. Lockhart, 809 F.2d 457, 459 (8th Cir. 1987) ("[q]uestions relating to the admissibility of evidence are matters of state law and are generally not cognizable in an action for habeas corpus").

current habeas claims in his direct state court appeal. In effect, Petitioner is arguing that his procedural default should be excused due to ineffective assistance of appellate counsel. This argument is rejected for two reasons.

First, ineffective assistance of counsel cannot satisfy the cause requirement (to excuse procedural default), unless the ineffective assistance claim has itself been fully litigated in the state courts. Edwards v. Carpenter, 120 S.Ct. 1587, 1591 (2000). "'[A] claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Id., quoting Murray v. Carrier, 477 U.S. 478, 489 (1986) (emphasis added). In this case, Petitioner never argued in the state courts that his constitutional rights had been violated because he received ineffective assistance of counsel on his direct appeal. In his post-conviction motion, he argued only that he had received ineffective assistance from his trial counsel.[7] Therefore, according to Edwards, the alleged ineffective assistance of Petitioner's appellate counsel cannot constitute the cause needed to excuse his procedural default.

Second, Petitioner's procedural default in this case cannot be attributed solely -- if at all -- to his appellate counsel. One of the fatal defaults in this case was Petitioner's own

[7] If Petitioner had presented a claim of ineffective assistance of appellate counsel in his post-conviction motion, the trial court presumably would have addressed that claim on the merits. See Garasha v. State, 393 N.W.2d 20, 22 (Minn.App. 1986) (noting that a prisoner's "claim of ineffective assistance of appellate counsel could not have been raised on direct appeal" and he was therefore "entitled to raise it in his petition for post-conviction relief"). After reviewing Petitioner's post-conviction motion papers, (Docket No. 11), it is readily apparent to this Court (as it obviously was to the state trial court) that Petitioner did not raise any identifiable claim of ineffective assistance of appellate counsel in his post-conviction motion. He obliquely alluded to certain disappointments pertaining to his direct appeal, but he never clearly alleged that he had been denied his constitutional right to effective assistance of counsel on appeal.

failure to seek appellate review in his post-conviction proceedings. He cannot blame his attorney for the absence of an appeal in the post-conviction proceedings, because he was not represented by counsel in those proceedings.[8] Petitioner alone is responsible for the procedural default that resulted from his failure to seek appellate review of his post-conviction claims.

Thus, the Court finds that Petitioner has not shown a sufficient cause for his procedural default that will allow that default to be excused. Because he has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same); Tokar v. Bowersox, 198 F.3d 1039, 1052 (8th Cir. 1999), cert. denied, 121 S.Ct. 204 (2000) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted. See footnote 4, supra. All of Petitioner's current claims for relief pertain to errors that allegedly occurred before or during his trial, which purportedly affected the fairness of his trial. He has not cited any new, previously undiscoverable,

---

[8] Moreover, he had no right to counsel in the post-conviction proceedings. Coleman, 501 U.S. at 756 ("there is no right to counsel in state collateral proceedings after exhaustion of direct appellate review"), citing Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). It is also worth noting that a prisoner's "pro se status cannot excuse his procedural forfeit." Scroggins v. Lockhart, 934 F.2d 972, 975 (8th Cir. 1991), citing Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). See also Sherron v. Norris, 69 F.3d 285 (8th Cir. 1995) ("[w]e have held that pro se status standing alone is insufficient to establish cause for a procedural default").

evidence, which would prove that he must, in fact, be innocent. Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that none of Petitioner's current habeas corpus claims can properly be entertained on the merits. Petitioner's claims have been procedurally defaulted because he did not present his claims to the state courts in a procedurally proper fashion, (i.e., on direct appeal), and because he never gave the state's appellate courts an opportunity to consider his claims, (by appealing the denial of his post-conviction motion). Petitioner has not overcome his procedural default, either by satisfying the cause and prejudice requirement, or by presenting new evidence establishing his actual innocence. It is therefore recommended that the instant petition be dismissed with prejudice.[9]

---

[9] Two of Petitioner's recent submissions include requests for appointment of counsel. (Docket Nos. 9 and 10.) Those requests will be denied because Petitioner has not presented any viable claims in his petition. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). An attorney certainly could have helped Petitioner present his arguments more clearly and cogently, but Petitioner is not being denied a writ of habeas corpus because his claims were poorly presented. He is being denied a writ because his claims are clearly barred by the rules governing procedural default. There is no reason to believe that the appointment of an attorney would ultimately benefit either Petitioner or the Court. See McCall, 114 F.3d at 756 (when considering a prisoner request for appointment of counsel, a court should consider whether both the petitioner and the court would benefit from representation by counsel for both parties). Therefore, counsel will not be appointed in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2. Petitioner's requests for counsel, (Docket Nos. 9 and 10), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.

Dated: March 26, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

being denied a writ because his claims are clearly barred by the rules governing procedural default. There is no reason to believe that the appointment of an attorney would ultimately benefit either Petitioner or the Court. See McCall, 114 F.3d at 756 (when considering a prisoner request for appointment of counsel, a court should consider whether both the petitioner and the court would benefit from representation by counsel for both parties). Therefore, counsel will not be appointed in this matter.