**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

REGINALD E. SWEET,

Petitioner,

v.

ROBERT FENEIS, Warden

Respondent.

Civil No. 00-2460 (JRT/SRN)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Reginald E. Sweet, #198086, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, Minnesota, 55014, *pro se*.

David C. Brown, Assistant Hennepin County Attorney, OFFICE OF HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN, 55487, for respondent.

Petitioner Reginald E. Sweet, a state prisoner incarcerated at the Correctional Facility in Lino Lakes, Minnesota ("MCF-LL"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated March 26, 2001, United States Magistrate Judge Susan Richard Nelson concluded that all of petitioner's claims raised in his petition were procedurally defaulted and that neither the "cause and prejudice" or "miscarriage of justice" exceptions applied to excuse petitioner's defaults. Accordingly, the Magistrate Judge recommended that petitioner's application for habeas relief be denied and that this action be dismissed with prejudice.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JAN 30 2002
DEPUTY CLERK

This matter is before the Court on petitioner's objections to the report and recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court adopts the report and recommendation and dismisses petitioner's habeas petition with prejudice.

## BACKGROUND

On May 26, 1998, a Hennepin County jury found petitioner guilty of one count of Criminal Sexual Conduct in the First Degree in violation of Minn. Stat. § 609.342, subd. 1(e)(i) and one count of Criminal Sexual Conduct in the Second Degree in violation of Minn. Stat. § 609.344, subd. 1(c). Petitioner was sentenced to 98 months in state prison.

On September 16, 1998, petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that the trial court erroneously admitted evidence pertaining to a prior incident of alleged sexual misconduct (*Spreigl* evidence). The court of appeals rejected petitioner's argument and affirmed his conviction. *State v. Sweet*, No. C7-98-1696, 1999 WL 343822 (Minn. Ct. App. June 1, 1999) (unpublished opinion). The Minnesota Supreme Court denied petitioner's subsequent request for review.

In December 1999, petitioner sought post-conviction relief in the state trial court on the grounds of ineffectiveness of counsel[1] and possible jury misconduct. The trial

[1] Petitioner raised over a dozen separate allegations of his trial counsel's ineffectiveness, among them a claim that his trial counsel waived petitioner's right for a probable cause hearing

(Footnote continued on next page.)

court denied petitioner's motion based on the well-settled law in Minnesota that "a defendant may not raise issues in a petition for post-conviction relief that were either raised or were known but not raised at the time a direct appeal of the conviction was taken." Order Denying Defendant's Motion for Post-Conviction Relief, No. 97-5054 at 2 (Sept. 28, 2000) (citing *State v. Knaffla,* 243 N.W.2d 737 (Minn. 1976)). Because all of the claims petitioner raised in his petition were known at the time of his direct appeal, the trial court concluded that petitioner had procedurally defaulted on those claims and on this basis, summarily denied petitioner's post-conviction motion.

Thereafter, petitioner filed the current petition for habeas relief pursuant to 28 U.S.C. § 2254, alleging claims of ineffective assistance of counsel and a third claim that the trial court erred by refusing to allow the presentation of exculpatory evidence and arguments to the jury. Respondent answered the petition contending that petitioner's claims are procedurally barred, or alternatively, that petitioner's claims fail on the merits.

This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In the Report and Recommendation, the Magistrate Judge concluded that all of petitioner's current habeas claims were procedurally defaulted and that petitioner failed to show cause and prejudice or actual innocence to excuse the procedural defaults. Based on these conclusions, the Magistrate Judge recommended that the instant petition be dismissed with prejudice.

---

(Footnote continued.)
and speedy trial without petitioner's knowledge or presence at the hearing; that trial counsel failed to conduct an adequate investigation of petitioner's case; and that trial counsel failed to make appropriate motions to suppress. [Docket No. 6].

## ANALYSIS

Petitioner does not dispute that his claims are procedurally defaulted.[2] Instead, he asserts that his procedural default should be excused on the following grounds: fundamental miscarriage of justice, ineffective assistance of counsel, and other miscellaneous arguments related to exhaustion of state court remedies. The United States Supreme Court has set forth the rules for excusing the procedural default of federal claims:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Court thus proceeds to address petitioner's objections in light of these established requirements.

## I. Fundamental Miscarriage of Justice

Petitioner first objects to the recommendation of the Magistrate Judge "on the grounds of fundamental miscarriage of justice." Specifically, he argues that "it is a total miscarriage of justice when an attorney decides to look the other way for the sake of the prosecution." Petitioner additionally states that proof of his innocence could have been

---

[2] Petitioner also does not object to the Magistrate Judge's recommendation that petitioner's requests for counsel be denied. The Court accordingly adopts the Magistrate Judge's determination on this issue.

shown if he would have been afforded an evidentiary hearing which his attorney failed to secure.

In order for the fundamental miscarriage of justice or actual innocence standard to overcome a procedurally defaulted claim, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298 (1995); *Brownlow v. Goose* 66 F.3d 997 (8th Cir. 1995). This exception applies only to "claims of factual innocence as opposed to legal innocence." *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994); *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir. 1994); *Narcisse v. Dahm*, 9 F.3d 38, 40 (8th Cir. 1993); *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993).

Thus, in order to satisfy this exception, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—not presented at trial" that would demonstrate that "it is more likely than not that no reasonable [trier of fact] would have convicted [him] in the light of the new evidence." *Schlup*, 513 U.S. at 324, 327; *Johnson v. Norris* 170 F. 3d 816, 818-819 (8th Cir. 1999). The evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 128 F.3d. 1222, 1230 (8th Cir. 1997); *Johnson*, 170 F. 3d at 818.

Petitioner argues that had he been afforded some type of hearing, he could have produced DNA test results and examination findings from the sexual assault review nurses that would have proven his innocence. Aside from these speculative statements, petitioner does not offer any **new** evidence to affirmatively demonstrate that he did not

commit the offenses for which he was convicted. In addition, petitioner cites no evidence to prove that his attorney "looked the other way for the sake of the prosecution." On this record, the Court agrees with the Magistrate Judge that petitioner cannot overcome his procedural default by way of the actual innocence exception.

## II. Cause and Prejudice

Petitioner next asserts that his procedural default is a direct result of his ineffective assistance of counsel, specifically, that his default should be excused due to ineffective assistance of his appellate counsel. In order to meet the cause requirement necessary to excuse procedural default, petitioner must have presented the ineffective assistance of counsel claim as an independent claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Petitioner failed to do this.

In his post-conviction motion, petitioner argued only that his trial counsel was constitutionally ineffective. Indeed, his petition for relief lists over a dozen alleged mishaps of his trial counsel. In its order summarily denying petitioner's motion for post-conviction relief, the trial court referred exclusively to petitioner's claims of ineffectiveness of trial counsel and makes no mention of a claim of ineffective appellate counsel.[3] Petitioner's failure to raise the claim of ineffectiveness of appellate counsel at

[3] As the Magistrate Judge noted, although petitioner briefly alludes to problems with his counsel on direct appeal in his supporting memorandum, the Court does not believe that these generalized claims, allegations that the state trial court did not even respond to, are sufficient to

(Footnote continued on next page.)

the post-conviction stage now precludes him from relying on this claim as cause for his procedural defaults. *McKinnon v. A.L. Lockhart*, 921 F.2d 830, 832 (8th Cir. 1990) (petitioner unable to rely on ineffectiveness of appellate counsel claim where petitioner argued only that trial counsel, not appellate counsel, was ineffective on post-conviction motion).

Therefore, because petitioner did not fully litigate his ineffective assistance of counsel claims in the state courts, he cannot utilize these claims to satisfy the cause component of the cause and prejudice requirement. In failing to meet the first prong of cause and prejudice, it is unnecessary to inquire whether petitioner could satisfy the prejudice component. *Ashker v. Class*, 152 F.3d 863 (8th Cir. 1998); *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997); *Tokar v. Bowersox*, 198 F.3d 1039, 1052 (8th Cir. 1999).

## III. State Exhaustion of Remedies

Petitioner asserts that it would be "plainly futile to try to go back to the state supreme court." As support, petitioner relies on *Graham v. Johnson*, 94 F.3d 958 (5th Cir. 1996), for the proposition that "exhaustion of state remedies is not required in a federal habeas case if it would be plainly futile." *Id.* at 969. However, the court in *Graham* goes on to state "an exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Id.* The Supreme Court

---

(Footnote continued.)
say that petitioner "fairly presented" a claim of ineffectiveness of appellate counsel to the state courts.

has emphasized that "it has been settled for a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In this case, petitioner does not contend that there was or is a lack of opportunity for redress in Minnesota state court or that any Minnesota state court process is deficient or inadequate to adjudicate his claims. Therefore, the Court is unable to address petitioner's unexhausted and procedurally defaulted claims.

Petitioner also cites *Hernandez v. Starbuck*, 69 F.3d 1089 (10th Cir. 1995) in arguing that "the petitioner's failure to exhaust state remedies does not take away the federal court's power to hear federal habeas corpus claims," and that the "doctrine of exhaustion is not jurisdictional." *Id.* at 1092. While petitioner is correct in asserting that the exhaustion doctrine is not jurisdictional, the court in *Hernandez* emphasized that "the exhaustion requirement is not one to be overlooked lightly. Principles of comity and federalism demand that the requirement be 'strictly enforced.'" *Id.*; *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Rose v. Lundy*, 455 U.S. 509 (1982); *Smitty v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). The Magistrate Judge properly asserted that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless that prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. 838, 842 (1999); *Rose*, 455 U.S. 509 (1982). Therefore, the requirements of § 2254(b) require that the Court dismiss petitioner's habeas corpus claims.

Thus, for all the foregoing reasons, the Court finds that all of petitioner's claims asserted in his petition under § 2254 are procedurally defaulted and that neither the "cause and prejudice" or "miscarriage of justice" exceptions apply to excuse these defaults. Accordingly, the Court adopts the report and recommendation of the Magistrate Judge and dismisses petitioner's habeas petition with prejudice.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 13] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 12]. **IT IS HEREBY ORDERED** that:

1. Petitioner's requests for counsel [Docket No. 9, 10] are **DENIED**.

2. Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

3. For purposes of appeal, the Court does not certify the issues raised in petitioner's motion as petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as is required under the appeal statute for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 30, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge