**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

REGINALD E. SWEET,

Petitioner,

v.

ROBERT FENEIS,

Respondent.

Civil No. 00-2460 (JRT/SRN)

**ORDER**

---

Reginald E. Sweet, #198086, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN, 55014, petitioner *pro se*.

David C. Brown, Assistant Hennepin County Attorney, HENNEPIN COUNTY ATTORNEY'S OFFICE, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN, 55487, for respondent.

Petitioner Reginald E. Sweet brought a petition for habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2002, the Court denied the petition, dismissed the action with prejudice, and judgment was entered accordingly the same day. This matter is now before the Court on petitioner's motion filed on February 28, 2002 for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of Federal Rules of Appellate Procedure.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a notice of appeal in a civil case must be filed within thirty days after the district court enters

FILED 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

judgment. The district court, however, may extend the time for filing a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "A motion filed before the expiration of the time prescribed in Rule 4(a)(1) may be ex parte unless the court requires otherwise." Fed. R. App. P. 4(a)(5)(B).

In this case, petitioner filed his motion for an extension of time 29 days after judgment was entered. Accordingly, the Court may entertain petitioner's motion on an ex parte basis. Caselaw within the Eighth Circuit also establishes that the standard for granting a motion filed within the period for filing a timely notice of appeal under Rule 4(a) is good cause, rather than the more stringent standard of excusable neglect. *Bartunek v. Bubak*, 941 F.2d 726, 728 (8th Cir. 1991) (explaining that "[t]he 'good cause' standard applies only to the first thirty-day period, during which a timely notice of appeal could still be filed; the more stringent 'excusable neglect' standard applies during the second thirty days"); *see also Martin v. County of Stanislaus*, No. 91-16799, 1993 WL 360783 at *2 (9th Cir. Sept. 15, 1993) (unpublished opinion) ("The 'good cause' standard of Rule 4(a)(5) applies only to motions for extensions of time filed within the 30-day period for filing a timely notice of appeal under Rule 4(a)(1)").

Upon review of petitioner's motion, the Court concludes that he has demonstrated good cause for an extension of time. In his motion, petitioner explains that he was informed by a member of the clerk's office that he had 60 days in which to appeal. After learning that he had only 30 days, he promptly filed this motion to extend the time period. Under these circumstances, the Court finds that petitioner has satisfied the good cause

standard. The Court accordingly grants petitioner ten additional days from the date of this Order[1] in which to file a notice of appeal.[2]

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for extension [Docket No. 16] is **GRANTED**.

2. Petitioner has **ten (10) days** from the date of this Order to file a notice of appeal.

DATED: July 2, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[1] Rule 4(a)(5)(C) provides that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Applying this rule to the facts of this case, the Court believes only a 10-day extension is permitted.

[2] The Court notes that granting petitioner an extension to file his notice of appeal does not guarantee that the Eighth Circuit will entertain the appeal. The Eighth Circuit must first grant petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c). This Court did not grant petitioner a certificate of appealability on any of the issues raised in his petition. *See* Memorandum Opinion and Order Adopting Report and Recommendation of the Magistrate Judge, at 9 ¶ 3 (Jan. 30, 2002).