**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

REGINALD E. SWEET,

Petitioner,

v.

ROBERT FENEIS,

Respondent..

Civil No. 00-2460 (JRT/SRN)

**ORDER**

---

Reginald E. Sweet, #198086, Minnesota Correctional Facility, 7525 Fourth Avenue, Lino Lakes, MN, 55014, petitioner *pro se*.

David C. Brown, Assistant Hennepin County Attorney, OFFICE OF HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN, 55487, for respondent.

This matter is before the Court on remand from the Eighth Circuit Court of Appeals for consideration in light of *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997), with directions that if granted, the Certificate of Appealability ("COA") specify the issue or issues that are to be considered on appeal. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is not simply whether the appeal is taken in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994). Rather, petitioner must satisfy a higher standard by showing

FILED AUG 7 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

The Court has reviewed the issues raised in petitioner's habeas petition and concludes that petitioner has not made the required showing as to any of the claims raised in his petition. In its order denying petitioner's habeas petition, the Court concluded that all of the claims petitioner raised in his petition are procedurally defaulted and that neither the "cause and prejudice" or "miscarriage of justice" exceptions applied to excuse the defaults. The Court finds no reason to believe that these issues might be resolved any differently by the court of appeals. Accordingly, the request for a COA is denied. This finding is consistent with the Court's previous determination on this issue in its January 30, 2002 order at 9, ¶ 3 [Docket No. 14] (denying certificate of appealability). *See also* Order of July 2, 2002, n.2 (emphasizing that petitioner will be required to seek and obtain a certificate of appealability from the court of appeals because this Court had denied petitioner a COA in its January 30, 2002 order). Because the Court does not issue petitioner a certificate of appealability, it is not necessary to specify those issues that are certified for appeal pursuant to § 2253(c)(3).

This matter is also before the Court on petitioner's motion to proceed in forma pauperis ("IFP") on appeal. A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the petitioner must demonstrate

that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if the petitioner is found to be indigent, however, the Court must also find that the appeal is taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). In determining whether an appeal is taken in good faith, the Court must assess whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, petitioner represents that he is currently employed at the institution and that he receives regular income through this employment. He further represents that he has $2002 in a savings account. Based on this information, the Court cannot conclude that petitioner is unable to pay the $105 filing fee. Accordingly, petitioner's motion to proceed in forma pauperis on appeal is denied on this basis.

**ORDER**

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court does not grant petitioner a certificate of appealability on any issues raised in the § 2254 petition because petitioner has not made a "substantial showing of the denial of a constitutional right."

2. Petitioner's motion to proceed in forma pauperis on appeal [Docket No. 22] is **DENIED**.

DATED: August 7, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.